## Mansfield Coal & Coke Co. *v.* Parker L. Boice et al., Appellants.

*Will—Election—Title—Notice.*

A person who acquires title to land by the election of its real owners to take under a will which makes other provision for them, and which assumes to devise the land to such person, although testator has no interest in it, cannot assert title to the land against a purchaser for value from the record owners without notice, actual or constructive, of the title by virtue of the election.

Argued Nov. 1, 1894. Appeal, No. 225, Oct. T., 1894, by defendants, heirs of Robert W. Boice et al., from judgment of C. P. No. 3, Allegheny Co., May T.,1892, No. 367, on verdict for plaintiff. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Ejectment for undivided interest. Before McCLUNG, J.

At the trial it appeared that, on Oct. 16, 1827, John McMichael and wife executed a deed of trust to James McMichael covering the land in question. The deed contained the following clause: " That the said John McMichael and wife, for and in consideration of the sum of fifty dollars, to them in hand paid at and before the ensealing and delivery hereof, the receipt whereof is hereby acknowledged, and also in consideration of the natural love and affection which they, the said John McMichael and wife, bear to Priscilla Boice, the daughter of them, the said John McMichael and wife (for whose use and in trust for whom and her heirs and assigns this deed is made) have granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, alien, release and confirm unto the said James McMichael and to his heirs, in trust nevertheless and to and for the sole and separate use, benefit and behoof of the aforesaid Priscilla Boice, her heirs and assigns forever, all that messuage, tract of land and premises situate in Robinson township, aforesaid, bounded and described as follows . . . . together with all and singular the houses and outhouses, buildings, barns, stables, ways, woods, water courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging or in anywise

appertaining, and the reversions and remainders, rents, issues and profits thereof, and also all the estate, right, title, interest, property, claim and demand whatsoever of them, the said John McMichael and wife, in law or equity or otherwise howsoever, of, in, to or out of the same. To have and to hold the said messuage, tract of land, hereditament and premises hereby granted or mentioned, or intended so to be, with the appurtenances, unto the said James McMichael and his heirs, to the only proper use and behoof of the aforesaid Priscilla Boice, her heirs and assigns forever, and the said James McMichael doth for himself and his heirs hereby covenant that he, the said James Mc-Michael, will well and truly hold the said tract of land and premises for the sole and separate use, benefit and behoof of said Priscilla Boice, her heirs and assigns, and also that he, the said James McMichael and his heirs, shall and will at any time after the decease of William Boice, the husband of said Priscilla Boice, upon legal and proper demand to that effect being made, extinguish the trust hereby created and convey the said messuage, tract of land and premises absolutely to said Priscilla Boice or her heirs," with warranty of title, etc.

Priscilla Boice died leaving to survive her six children, Nancy, Ellen, Jane, Mary, John M., and Robert W. Priscilla Boice by her will directed as follows: "I give, bequeath and dispose of as follows, to wit: to my son, Robert W. Boice, the land and appurtenances thereon known and described as the Boice farm, to have and to hold the same to himself, his heirs and assigns forever, but he, the said Robert W., in consequence of which, shall pay the rest of my heirs, John, Nancy, Jane and Mary, collectively, the sum of $460, and in the case of the death of either of these, his or her portion shall be equally divided amongst all."

Plaintiff gave above deed in evidence, proved death of Priscilla Boice, sheriff's sale of John M. Boice's interest and conveyances vesting title of sheriff's vendee in plaintiff.

Defendants offered in evidence will of Priscilla Boice, to be followed by evidence showing the election by John M. Boice to take under the will, payment of the legacy, and possession by Robert W. Boice and his heirs for seventeen years after the death of Priscilla Boice. Objected to because it was not proposed to show that plaintiff had notice of the election. Objection sustained and exception. [1–5]

Verdict and judgment for plaintiff for four fifteenths of the land.   Defendants appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting bills of exception.

*A. Leo Weil,* for appellants, cited: 1 Herman on Estoppel, §§ 20, 1054; Zimmerman v. Lebo, 151 Pa. 345; 2 Minor's Institutes, 1013, 1019; Board v. Board, L. R. 9 Q. B. 48; Hill v. Epley, 31 Pa. 331; Tompkins v. Merriman, 155 Pa. 440; Cauffman v. Cauffman, 17 S. & R. 16; Stump v. Findlay et al., 2 Rawle, 168; Preston v. Jones, 9 Pa. 456; Perry on Trusts, § 219; act of May 28, 1715, § 5, 1 Sm. L. 95; act of March 18, 1775, 1 Sm. L. 422; Dunwoodie v. Reed, 3 S. & R. 445; Bennett v. Morris, 5 Rawle, 16; Desilver's Est., 5 Rawle, 113; Windom v. Schappel, 38 N. W. R. 757; Hoyt v. Jones, 31 Wis. 389; Reck v. Clapp, 1 Penny. 339.

*William Scott, John Dalzell* and *George B. Gordon* with him, for appellee, cited: Perry on Trusts, § 218; Bracken v. Miller, 4 W. & S. 102; 1 Pomeroy's Eq. Jur. § 767; Stewart v. Freeman, 22 Pa. 120; Morrison v. Funk, 23 Pa. 421; Herman on Estoppel, ed. 1886, §§ 954, 972.

PER CURIAM, Nov. 12, 1894:

The difficulty with the case of the defendants is that Priscilla Boice, under whose will they claim title, had no estate whatever in the land in question, either legal or equitable, which it was possible for her to pass by any devise she could make. The estate absolutely ceased with her life.   No title by election could be acquired under her will against an intervening purchaser without notice, and the authorities upon that subject are not applicable to the contention.   She had no title to transmit, and the land vested in her heirs at her death by virtue of the original deed from John McMichael to her trustee.   However the acts of her children in accepting the legacies given them by her will might have affected them, there was no offer to prove any notice of those acts to the plaintiff, and as to it they were nugatory.

Judgment affirmed.